William Hartman, Appellee, v. Samuel Gratch and Jacob Newman, Appellants.

## Gen. No. 22,414.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 27, 1916.

## Statement of the Case.

Bill in chancery by William Hartman, complainant, against Samuel Gratch and Jacob Newman, defendants, in the Superior Court of Cook county, for the dissolution of a partnership, an accounting, etc. From a final decree finding that the assignment of a certain claim by defendant Gratch to defendant Newman was null and void, defendants appeal.

By a prior decretal order the court had found that a sum of $533.66 was due from complainant to defendant Gratch, which claim was assigned by defendant Gratch to defendant Newman.

LESTER L. BAUER and RUDOLPH FRANKENSTEIN, for appellants.

MATHER & HUTSON, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. PARTNERSHIP, § 425*—*when findings in decree sustain decree for dissolution.* On a bill for the dissolution of a partnership and for an accounting, the findings of fact in the decree *held* to sustain the relief decreed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. EQUITY, § 550*—*when decree assumed on appeal to be supported by evidence.* Since a decree comes to the Appellate Court with the presumption of its verity and correctness, and since the law requires such court, where the decree recites evidence omitted from the record, to assume that the decree is supported thereby, the Appellate Court will assume, where the decree recites a master's report not set out in the record, that any lack of evidence to sustain the decree which may be claimed was supplied by such report, which was before the chancellor when the decree was entered, the law not requiring a search of the record for grounds of reversal.

3. PARTNERSHIP, § 373*—*what is effect of annulment of ancillary decretal order.* Where in a chancery cause a decretal order adjudicates a certain claim in favor of one of the defendants against complainant, such claim arising out of a partnership between complainant and such defendant, such decretal order may be properly annulled on proof subsequently adduced in the cause, in which case an assignment of rights under such decretal order is merely an equitable assignment, subject to the further order of the court, subrogating the assignee to the rights of the assignor, so that when the claim is annulled by a subsequent decree, the rights of the assignee terminate automatically.